UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE KENNETH STUCKEY,

    Plaintiff,

v.

D. HOWARD, et al.,

    Defendants.

Case No. 19-cv-03691-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The operative complaint is the Amended Complaint. Dkt. 9. He seeks monetary damages. He has been granted leave to proceed *in forma pauperis*. Dkt. 10.

Plaintiff has named California Department of Corrections and Rehabilitation ("CDCR") Secretary Ralph Diaz, CDCR Director Connie Gipson, Office of Appeals ("OOA") at CDCR Appeals Examiners M. Hodges and S. K. Hemenway, and the following Defendants at PBSP: Warden Jim Robertson; Lieutenant T. S. Buchanan; Sergeant Skerik; and Officers D. Howard, C. Contreras, S. Peterson, A. Corder, Pope, M. Ford, Villarreal, Balestra, Frawley, and C. Sturdevant.

The Court now conducts its initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.

Venue is proper because the events giving rise to Plaintiff's claims in his Amended Complaint are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which

are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

In his Amended Complaint, Plaintiff alleges that (1) from 2017-2018, he was "subjected to cruel and unusual punishment as a result of a campaign of harassment, mail tampering, conspiracy and retaliatory actions against him over a two-year ongoing period, at the hands of" Defendants Skerik, Howard, Contreras, Peterson, Corder, Pope, Ford, Villarreal, Balestra, and Frawley; (2) in the Fall of 2018, Defendants Contreras and Howard "violated [Plaintiff's] liberty interest when [Defendant Contrera] wrote a fabricated misbehavior report against the Plaintiff that was retaliatory motivated, that ultimately denied the Plaintiff a prison transfer, access to more rehabilitative programs, sentence reducing credits, modification of his prison sentence and/or release from prison"; (3) on April 15, 2019, Defendant Sturdevant "discriminated and treated the Plaintiff differently because of his race"; and (4) from November of 2017 through May of 2019, Defendants Robertson, Diaz, Gipson, Hodges and Hemenway "fail[ed] to take reasonable actions on the Plaintiff['s] prior grievances set in motion a series of events that they should have known would cause ongoing federal civil rights violations of the Plaintiff's constitutional rights." Dkt. 9 at 6-30.[1]

Plaintiff has sued all named Defendants individually and in their official capacities seeking monetary relief. Dkt. 9 at 1. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Unless waived, the Eleventh Amendment bars a federal court award of damages against a state, state agency, or state official sued in an official capacity. *Id.* at 169. As there has been no waiver here,

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2

Plaintiff's claims against the named Defendants in their official capacities for monetary damages is DISMISSED with prejudice.

Plaintiff names Defendants Diaz (the CDCR Secretary) and Gipson (the CDCR Director), but Plaintiff does not claim that these Defendants personally violated his constitutional rights. Rather, Plaintiff seems to contend that these Defendants are liable based on the conduct of their subordinates—the remaining Defendants named above. Respondeat superior liability is not available under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that the supervisory liability Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, no facts are alleged to establish supervisorial liability on the part of Defendants Diaz and Gipson. Accordingly, Plaintiff's supervisory liability claims against Defendants Diaz and Gipson are DISMISSED without prejudice.

Meanwhile, Claim 1, 2 and 4 against the remaining Defendants, when liberally construed, are cognizable under section 1983 and shall proceed. Claim 3 against Defendant Sturdevant is DISMISSED without prejudice to Plaintiff filing it in a separate civil rights action. Because Claim 3 involves a different cause of action against a different Defendant than those in Claims 1, 2 and 4, Claim 3 must be brought in a separate action. A blank civil rights complaint form will be sent to Plaintiff, as directed below.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims against the named Defendants in their official capacities for monetary damages is DISMISSED with prejudice.

2. Plaintiff's supervisory liability claims against Defendants Diaz and Gipson are DISMISSED without prejudice.

3. Claim 3 against Defendant Sturdevant is DISMISSED without prejudice to Plaintiff filing it in a separate civil rights action.

4. Claims 1, 2 and 4 against the remaining Defendants have been found to be cognizable, as described above.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the Amended Complaint and all attachments thereto, (dkt. 9) and a copy of this Order to the following Defendants at CDCR: **OOA Appeals Examiners M. Hodges and S. K. Hemenway**; and the following Defendants at PBSP: **Warden Jim Robertson; Lieutenant T. S. Buchanan; Sergeant Skerik; and Officers D. Howard, C. Contreras, S. Peterson, A. Corder, Pope, M. Ford, Villarreal, Balestra, and Frawley**. The Clerk shall also mail a copy of the Amended Complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the Amended Complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, Defendants

4

shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id*. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id*. at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

1  Defendants' motion is filed.

2          c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Amended Complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the Amended Complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your Amended Complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding

6

and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9.      All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

10.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

11.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: January 29, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge