UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>       Plaintiff,<br><br>    v.<br><br>D. HOWARD, et al.,<br><br>       Defendants. | Case No. 19-cv-03691-YGR (PR)<br><br>**ORDER DENYING MOTION FOR LIMITED SCOPE APPOINTMENT OF COUNSEL** |

Plaintiff has filed a motion for appointment of counsel in this prisoner civil rights action under 42 U.S.C. § 1983 for a limited scope appointment, i.e., to represent him in settlement proceedings. Dkt. 46. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). The court may seek counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

The Court notes that a global settlement conference in this matter and Plaintiff's other pending actions is scheduled for February 11, 2021 at 10:00 a.m. before Magistrate Judge Robert M. Illman. *See* Dkt. 47. Thus, the Court construes Plaintiff's motion as a request for limited scope appointment of counsel to assist him to prepare for and during his *global* settlement proceedings, which involves the instant matter and his other pending actions: Case Nos. 19-cv-03780-YGR (PR), 19-cv-05460-YGR (PR), 20-cv-05886-YGR (PR), 20-cv-01898-YGR (PR). Generally, an indigent civil litigant has no right to the appointment of civil counsel under 28 U.S.C. § 1915(e)(1). *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And, at this time, Plaintiff has been able to articulate his claims in this matter and his other pending actions

1  adequately *pro se* in light of the complexity of the issues involved.  *See Agyeman v. Corrs. Corp.
2  of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  In view of both parties' desire to engage in a global
3  settlement conference, the Court finds that such circumstances do not warrant a limited scope
4  appointment of counsel, i.e., to represent him in settlement proceedings.  Further, Magistrate
5  Judge Illman is well-versed in the issues and areas of law presented and very capable of evaluating
6  objectively the strengths and weaknesses of each side's positions.

7  Accordingly, Plaintiff's request for limited scope appointment of counsel is DENIED
8  without prejudice.[1]

9  This Order terminates Docket No. 46.

10  IT IS SO ORDERED.

Dated:  January 15, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] The Court may of course consider appointing of counsel later in the proceedings; that is, if the parties are not able to reach a global settlement and *after* Defendants have filed their dispositive motion in this matter.  At that time, the Court will be in a better position to consider the procedural and substantive matters at issue.  In such circumstances where no settlement has been reached and Defendants' dispositive motion has been filed, Plaintiff may file a renewed motion for the appointment of counsel.