UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE KENNETH STUCKEY,

    Plaintiff,

  v.

D. HOWARD, et al.,

    Defendants.

Case No. 19-cv-03691-YGR (PR)

**ORDER REOPENING ACTION; LIFTING STAY; AND SETTING BRIEFING SCHEDULE**

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging various violations of his federal civil rights against several PBSP officials.

In an Order dated December 8, 2020, the Court granted Defendants' attorney request to refer this action and Plaintiff's other pending matters to the Pro Se Prisoner Mediation Program and to stay these cases pending global settlement proceedings. Dkt. 44. The Order stated that, if necessary, the Court will issue a further briefing scheduling after the settlement proceedings.

On February 11, 2021, the Honorable Judge Robert M. Illman notified the Court that the parties were unable to reach an agreement. Dkt. 50. Accordingly, the Court hereby LIFTS the stay in the instant action, and the Clerk of the Court shall REOPEN the case file. The parties are directed to abide by the new briefing scheduling outlined below.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Court LIFTS the stay in the instant action, and the Clerk shall REOPEN the file.

2. The parties shall abide by the following briefing schedule:

    a. No later than **sixty (60) days** from the date of this Order, Defendants shall file a motion for summary judgment, which must be accompanied by a *Rand*[1] notice so that

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1  Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose
2  the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012). If Defendants are of the opinion
3  that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the
4  summary judgment motion deadline.

5        b.    Plaintiff's opposition to the motion for summary judgment shall be filed
6  with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on
7  which Defendants' motion is filed. Plaintiff shall refer to the Court's January 29, 2020 Order of
8  Partial Dismissal and Service for a further explanation on summary judgment. *See* Dkt. 11 at 6-7.

9        c.    Defendants shall file a reply brief no later than **fourteen (14) days** after the
10 date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is
11 due. No hearing will be held on the motion unless the Court so orders at a later date.

12     3.    All communications by the Plaintiff with the Court must be served on Defendants'
13 counsel by mailing a true copy of the document to Defendants' counsel.

14     4.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
15 informed of any change of address and must comply with the Court's orders in a timely fashion.
16 Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
17 while an action is pending must promptly file a notice of change of address specifying the new
18 address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail
19 directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
20 (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
21 *se* party indicating a current address. *See* L.R. 3-11(b).

22     5.    Upon a showing of good cause, requests for a reasonable extension of time will be
23 granted provided they are filed on or before the deadline they seek to extend.

24     IT IS SO ORDERED.

25 Dated: March 1, 2021

                             _____
                             JUDGE YVONNE GONZALEZ ROGERS
                             United States District Judge

United States District Court
Northern District of California